UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) C.R. No. 11-CR-10226-PBS-1 |
| | ) |
| RAYMOND MARTINEZ | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is defendant Raymond Martinez' one-page letter seeking copies of his sentencing transcript (#48), judgment (#40) and indictment (#1). He also seeks the form for filing a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. He explains that he has been found indigent and seeks waiver of any applicable fees.

The Court's records indicate that Martinez is now incarcerated at FCI Ray Brook in New York. He pleaded guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). On October 5, 2012, Martinez was sentenced to seventy months incarceration.

The court will interpret the letter as a motion for a copy of the sentencing transcript at government expense. Section 753(f) of Title 28, United States Code addresses the circumstances under which transcripts may be provided to an indigent criminal defendant at the government's expense.[1]

---

[1] Section 753(f) provides that:
Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C.

Here, Martinez has not made an adequate showing of a particularized need for the transcripts. "A Court's decision [regarding free transcripts] turns on whether 'the transcript is needed for the court to "decide" a § 2255 motion - not for the petitioner to prepare it.'" Patrick v. United States, 298 F. Supp. 2d 206, 209 (D. Mass. 2004) (citing United States v. Horvath, 157 F. 3d 131, 132 (2d Cir. 1998).[2]

Other than the letter seeking the transcript, Martinez has no pending matter before the Court.  Therefore, the Court is without authority to order the Clerk of the Court to provide copies of the requested transcript.

Accordingly, Martinez' request for a free copy of his

---

§ 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal[.]

28 U.S.C. § 753(f).

[2]Although the Seventh Circuit has held prisoners have "an absolute personal right to reasonable access to the pre-existing file and records of their underlying case," see Rush v. United States, 559 F. 2d 455 (7th Cir. 1977), no other court of appeals has adopted the Seventh Circuit's reasoning, and the Tenth, Eleventh, and Eighth Circuits have explicitly rejected such reasoning.  See Sistrunk v. United States, 992 F.3d 258, 259-60 (10th Cir. 1993); Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992); United States v. Losing, 601 F.2d 351, 353 (8th Cir. 1979).

sentencing transcript hereby is DENIED.

SO ORDERED.

| | |
|---|---|
| <u> May 24, 2013 </u><br>DATE | <u> /s/ Patti B. Saris </u><br>PATTI B. SARIS<br>UNITED STATES DISTRICT JUDGE |